**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's Name | **PES Administrative Services, LLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | **PES Blocker, LLC; PES Administrative Services LLC** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **90-0913022** |

4. Debtor's address

**Principal place of business**

**1735 Market Street, 11th Floor**

Number          Street

**Philadelphia, Pennsylvania 19103**

City                    State      Zip Code

**Philadelphia**

County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                    State      Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                    State      Zip Code

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | **http://pes-companies.com/** |

6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **PES Administrative Services, LLC**                                    Case number *(if known)* _____

          Name

| | |
|---|---|
| **7.  Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.**  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3241 (Petroleum and Coal Products Manufacturing)**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.    District  **Delaware**    When  **01/21/2018**    Case number  **18-10122**
                                                      MM/DD/YYYY

              District  _____    When  _____    Case number  _____
                                                      MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor  **See Rider 1**    Relationship  **Affiliate**

              District  **District of Delaware**

              When  **07/21/2019**
                      MM / DD / YYYY

              Case number, if known  _____

| Debtor | **PES Administrative Services, LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                                State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

          Contact name    _____

          Phone    _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.[1]

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

1. Availability of funds to unsecured creditors is subject to ongoing discussions with the debtor's secured creditors who, as of the date hereof, have not agreed to a recovery (other than $0) for such unsecured creditors.

Debtor    **PES Administrative Services, LLC**                          Case number *(if known)* _____
          Name

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000                 ☐ $1,000,001-$10 million          ☐ $500,000,001-$1 billion
☐ $50,001-$100,000           ☐ $10,000,001-$50 million         ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000          ☐ $50,000,001-$100 million        ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million        ☐ $100,000,001-$500 million       ☐ More than $50 billion

| **Request for Relief, Declaration, and Signatures** |
| --- |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **07/21/2019**
               MM/ DD / YYYY

✖    **/s/ Jeffrey S. Stein**                              **Jeffrey S. Stein**
     Signature of authorized representative of debtor      Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**

✖    **/s/ Laura Davis Jones**                  Date    **07/21/2019**
     Signature of attorney for debtor                   MM/ DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor**
Number            Street

**Wilmington**                      **Delaware**    **19899-8705 (Courier 19801)**
City                                State          ZIP Code

**(302) 652-4100**                  **ljones@pszjlaw.com**
Contact phone                       Email address

**2436**                            **Delaware**
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter    11

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of PES Holdings, LLC.

PES Holdings, LLC
North Yard GP, LLC
North Yard Logistics, L.P.
PES Administrative Services, LLC
PES Energy Inc.
PES Intermediate, LLC
PES Ultimate Holdings, LLC
Philadelphia Energy Solutions Refining and Marketing LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PES ADMINISTRATIVE SERVICES, LLC, | ) | Case No. 19-[_____] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| PES Administrative Services, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | 1735 Market Street Philadelphia, PA 19103 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PES ADMINISTRATIVE SERVICES, LLC, | ) | Case No. 19-[_____] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Philadelphia Energy Solutions Refining and Marketing LLC | 100% |

**Fill in this information to identify the case:**

Debtor name    PES Holdings, LLC, *et al.*

United States Bankruptcy Court for the:      District of Delaware

Case number *(If known)*: _____      (State)

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | TRINITY INDUSTRIES LEASING COMPANY 2525 STEMMONS FREEWAY DALLAS, TX  75207 | MELENDY E. LOVETT SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER PHONE: 586-285-1692 EMAIL: MELENDY.LOVETT@TRIN.NET | Trade Payable | | | | $4,078,864 |
| 2 | CSX TRANSPORTATION INC 500 WATER STREET 15TH FLOOR JACKSONVILLE, FL  32202 | NATHAN D. GOLDMAN EXECUTIVE VP AND CHIEF LEGAL OFFICER PHONE: 904-359-3200 FAX: 904-359-2459 EMAIL: NATHAN_GOLDMAN@CSX.COM | Trade Payable | | | | $3,876,177 |
| 3 | BNSF RAILWAY COMPANY 920 SE QUINCY 9TH FLOOR TOPEKA, KS  66612-1116 | JULIE PIGGOTT EXECUTIVE VICE PRESIDENT & CHIEF FINANCIAL OFFICER PHONE: 817-698-8119 EMAIL: JULIE.PIGGOTT@BNSF.COM | Trade Payable | | | | $3,482,198 |
| 4 | CONSTELLATION NEW ENERGY INC 100 CONSTELLATION WAY SUITE 500 BALTIMORE, MD  21202-6302 | JIM MCHUGH CEO EMAIL: JIMMCHUGH@CONSTELLATION. COM | Trade Payable | | | | $2,676,084 |
| 5 | ENVTECH INC 300 EDISON WAY RENO, NV  89502 | GENERAL MANAGER PHONE: 877-841-9690 FAX: 775-856-3303 EMAIL: INFO@ENVTECH.COM | Trade Payable | | | | $2,500,000 |

---

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 6 | OSG BULK SHIPS INC. TWO HARBOUR PLACE 302 KNIGHTS RUN AVENUE, SUITE 1200 TAMPA, FL  33602 | SUSAN ALLAN VICE PRESIDENT, GENERAL COUNSEL PHONE: 813-209-0600 FAX: 813-221-2769 EMAIL: SALLAN@OSG.COM | Trade Payable | | | | $2,245,115 |
| 7 | TSAKOS ENERGY NAVIGATION LTD 367 SYNGROU AVENUE ATHENS,  175 64 GREECE | PAUL DURHAM CFO PHONE: +30210 94 07 710 FAX: +30210 94 07 716 EMAIL: PDURHAM@TENN.GR | Trade Payable | | | | $1,999,157 |
| 8 | BRAND INSULATION SERVICES 32 IRON SIDE COURT WILLINGBORO, NJ  08046 | BILL HAYES PRESIDENT & CEO PHONE: 856-467-2850 FAX: 770-514-0285 EMAIL: INFO@BEIS.COM | Trade Payable | | | | $1,665,012 |
| 9 | BAKER HUGHESPO BOX 301057DALLAS, TX 75303-1057 | LORENZO SIMONELLI CEO EMAIL: LORENZO.SIMONELLI@BAKERH UGHES.COM | Trade Payable | | | | $1,499,625 |
| 10 | WR GRACE & CO-CONN 7500 GRACE DRIVE COLUMBIA, MD  21044 | HUDSON LA FORCE PRESIDENT AND CEO PHONE: 410-531-4000 FAX: 410-531-4367 | Trade Payable | | | | $1,497,394 |
| 11 | J J WHITE INC 5500 BINGHAM STREET PHILADELPHIA, PA  19120 | JAMES J. WHITE, IV PRESIDENT & CEO PHONE: 215-722-1000 FAX: 215-745-6229 EMAIL: JWHITE@JJWHITEINC.COM | Trade Payable | | | | $1,021,287 |
| 12 | SUNOCO PARTNERS MARKETING & TERMINAL LP 3801 WEST CHESTER PIKE NEWTON SQUARE, PA  19073 | JOSEPH COLELLA SENIOR VP PHONE: 866-248-4344 EMAIL: JCOLELLA@SUNOCOLOGISTICS.C OM | Trade Payable | | | | $748,363 |
| 13 | COLONIAL PIPELINE COMPANY 1185 SANCTUARY PARKWAY SUITE 100 ALPHARETTA, GA  30009-4738 | JOSEPH A. BLOUNT, JR. PRESIDENT & CEO PHONE: 678-762-2200 EMAIL: COLONIALMEDIA@COLPIPE.CO M | Trade Payable | | | | $705,727 |
| 14 | PECO ENERGY PO BOX 37629 PHILADELPHIA, PA  19101 | MICHAEL A. INNOCENZO PRESIDENT & CEO | Trade Payable | | | | $683,314 |
| 15 | UNITED RENTALS (NORTH AMERICA) 100 FIRST STAMFORD PLACE, SUITE 700 STAMFORD, CT  06902 | MATTHEW FLANNERY PRESIDENT & CEO PHONE: 833-212-9458 EMAIL: MFLANNER@UR.COM | Trade Payable | | | | $673,286 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 16 | RIGGS DISTLER & COMPANY 4 ESTERBROOK LANE CHERRY HILL, NJ  08003 | STEPHEN M. ZEMAITATIS, JR. PRESIDENT PHONE: 856-433-6000 FAX: 856-433-6035 EMAIL: SZEMAITATISJR@RIGGSDISTLER.COM | Trade Payable | | | | $616,908 |
| 17 | CHARTER BROKERAGE LLC 383 MAIN AVENUE, SUITE 400 NORWALK, CT  06851 | C. BOBBY WAID CEO PHONE: 281-599-1252 EXT. 203 EMAIL: BWAID@CHARTERBROKERAGE.NET | Trade Payable | | | | $600,000 |
| 18 | FISHER TANK COMPANY 3131 W 4TH ST CHESTER, PA  19013-1822 | PAUL WINDHAM PRESIDENT & CEO PHONE: 610-494-7200 EMAIL: PWINDHAM@FISHERTANK.COM | Trade Payable | | | | $546,505 |
| 19 | MAN DIESEL & TURBO NORTH AMERICA 1600A BRITTMOORE ROAD HOUSTON, TX  77043 | FLORIAN SCHILLER CHIEF FINANCIAL OFFICER EMAIL: FLORIAN.SCHILLER@MAN.EU | Trade Payable | | | | $521,825 |
| 20 | MUREX LLC 5057 KELLER SPRINGS ROAD ADDISON, TX  75001 | RICK BARTEL CHIEF FINANCIAL OFFICER EMAIL: RBARTEL@MUREXLTD.COM | Trade Payable | | | | $521,000 |
| 21 | CHALMERS & KUBECK INC 150 COMMERCE DRIVE ASTON, PA  19014 | DENNIS KUBECK PRESIDENT PHONE: 610-494-4300 FAX: 610-485-1484 EMAIL: DKUBECK@CANDK.COM | Trade Payable | | | | $496,195 |
| 22 | ANDERSON CONSTRUCTION SERVICES 6958 TORRESDALE AVENUE STE 300 PHILADELPHIA, PA  19135 | RICKE C. FOSTER VICE PRESIDENT PHONE: 215-331-7150 FAX: 215-332-8350 EMAIL: RICKF@ANDERSONCONSTRUCTIONSERV.COM | Trade Payable | | | | $486,794 |
| 23 | BRENNTAG NORTHEAST INC 81 W. HULLER LANE READING, PA  19605 | MARKUS KLÄHN CEO PHONE: 610-926-6100 FAX: 610-916-3782 EMAIL: BNEREADINGCS@BRENNTAG.COM | Trade Payable | | | | $413,651 |
| 24 | NOOTER CONSTRUCTION CO 6 NESHAMINY INTERPLEX SUITE 300 TREVOSE, PA  19053 | BERNIE WICKLEIN PRESIDENT PHONE: 215-638-7474 FAX: 215-638-8080 EMAIL: SALES@NOOTER.COM | Trade Payable | | | | $405,366 |

3

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 25 | COLONIAL ENERGY, INC. 3975 FAIR RIDGE DRIVE SUITE T-10 FAIRFAX, VA  22033 | BRIAN KELLY EXECUTIVE VP EMAIL: BKELLY@COLONIALGROUPINC.COM | Trade Payable | | | | $402,528 |
| 26 | KINDER MORGAN LIQUID TERMINALS, LLC PO BOX 201607 DEPT 3019 DALLAS, TX  75320 | DAVID MICHELS VICE PRESIDENT AND CHIEF FINANCIAL OFFICER PHONE: 713-420-4200 EMAIL: DAVID_MICHELS@KINDERMORGAN.COM | Trade Payable | | | | $357,632 |
| 27 | MATRIX SERVICE IND CONT INC 5100 E. SKELLY DR., STE. 100 TULSA, OK  74135-6577 | KEVIN S. CAVANAH CFO PHONE: 918-838-8822 EMAIL: KCAVANAH@MATRIXSERVICECOMPANY.COM | Trade Payable | | | | $354,830 |
| 28 | G C ZARNAS & COMPANY INC - PA 850 JENNINGS STREET BETHLEHEM, PA  18017 | STEVE ZARNAS OWNER & PRESIDENT PHONE: 610-866-0923 FAX: 610-866-4065 | Trade Payable | | | | $332,153 |
| 29 | ALLSTATE POWER VAC INC 928 EAST HAZELWOOD AVENUE RAHWAY, NJ  07065 | DANIEL COON VICE PRESIDENT & CFO PHONE: 732-815-0220 FAX: 732-815-9892 EMAIL: MARKETING@ACVENVIRO.COM | Trade Payable | | | | $300,520 |
| 30 | BELCHER ROOFING CORPORATION 111 COMMERCE DR. MONTGOMERYVILLE, PA  18936 | KEVIN BELCHER PRESIDENT PHONE: 215-362-5400 EMAIL: KBELCHER@BELCHERROOFING.COM | Trade Payable | | | | $288,681 |
| 31 | UNIVAR USA INC 3075 HIGHLAND PARKWAY SUITE 200 DOWNERS GROVE, IL  60515 | DAVID JUKES PRESIDENT PHONE: 331-777-6000 EMAIL: DAVID.JUKES@UNIVAR.COM | Trade Payable | | | | $286,246 |
| 32 | BUCKEYE PIPE LINE COMPANY, L.P. ONE GREENWAY PLAZA SUITE 600 HOUSTON, TX  77046 | GARY BOHNSACK VICE PRESIDENT, CONTROLLER & CHIEF ACCOUNTING OFFICER EMAIL: GBOHNSACK@BUCKEYE.COM | Trade Payable | | | | $282,595 |
| 33 | SCHECK MECHANICAL CORPORATION ONE EAST OAK HILL DRIVE, SUITE 100 WESTMONT, IL  60559 | RANDY PEACH PRESIDENT & CEO PHONE: 708-482-8100 EMAIL: RPEACH@GOSCHECK.COM | Trade Payable | | | | $252,030 |
| 34 | ARCHER DANIELS MIDLAND COMPANY 4666 FARIES PARKWAY DECATUR, IL  62526 | JUAN R. LUCIANO PRESIDENT PHONE: 217-424-5200 FAX: 217-424-5200 | Trade Payable | | | | $243,853 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim<br><br>(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 35 | JOHNSON MATTHEY PROCESS<br>115 ELI WHITNEY BLVD<br>SAVANNAH, GA  31408 | ROBERT MACLEOD<br>CEO<br>PHONE: 912-748-0630<br>EMAIL:<br>ROBERT.MACLEOD@MATTHEY.COM | Trade Payable | | | | $243,092 |
| 36 | L M SERVICE CO INC<br>6809 WESTFIELD AVENUE<br>PENNSAUKEN, NJ  08110-1527 | JOHN S. ALBRIGHT<br>PRESIDENT<br>PHONE: 856-773-5110<br>FAX: 856-773-5113<br>EMAIL: JA@LMSERVICECO.COM | Trade Payable | | | | $230,500 |
| 37 | TEAM INDUSTRIAL SERVICES INC<br>13131 DAIRY ASHFORD RD. STE. 600<br>SUGAR LAND, TX  77478 | AMERINO GATTI<br>CEO<br>PHONE: 800-662-8326 | Trade Payable | | | | $221,047 |
| 38 | WATCO TRANSLOADING<br>315 W 3RD ST.<br>PITTSBURG, KS  66762 | DAN SMITH<br>CEO<br>PHONE: 620-231-2230<br>EMAIL:<br>DSMITH@WATCOCOMPANIES.COM | Trade Payable | | | | $219,450 |
| 39 | ALLIED UNIVERSAL<br>P. O. BOX 828854<br>PHILADELPHIA, PA  19182-8854 | DELMAR LAURY<br>PRESIDENT, MID ATLANTIC REGION<br>PHONE: 704-912-2406<br>EMAIL:<br>DELMARLAURY@AUS.COM | Trade Payable | | | | $219,026 |
| 40 | VANE LINE BUNKERING INC<br>2100 FRANKFURST AVENUE<br>BALTIMORE, MD  21226-1026 | C. DUFF HUGHES<br>PRESIDENT<br>PHONE: 410-631-4058<br>EMAIL:<br>C.HUGHES@VANEBROS.COM | Trade Payable | | | | $215,044 |
| 41 | NEREUS SHIPPING S.A.<br>AKTI MIAOULI 35/39<br>41<br>PIRAEUS,  185 36<br>GREECE | GENERAL MANAGER<br>PHONE: 30-210-4292262<br>EMAIL:<br>PIRAEUS@NEREUSHIP.GR | Trade Payable | | | | $210,292 |
| 42 | DEVON PROPERTY SERVICES LLC<br>7 N WATERLOO ROAD<br>DEVON, PA  19333 | GENERAL MANAGER<br>PHONE: 610-999-8785 | Trade Payable | | | | $197,909 |
| 43 | CLEAN HARBORS INDUSTRIAL SERVICES<br>42 LONGWATER DRIVE<br>NORWELL, MA  02061-9149 | ALAN MCKIN<br>FOUNDER & CEO<br>PHONE: 781-792-5000<br>EMAIL:<br>MCKIM.WILLIAM@CLEANHARBORS.COM | Trade Payable | | | | $193,899 |
| 44 | VEOLIA NORTH AMERICA REGENERATION<br>4760 WORLD HOUSTON PKWY<br>STE 100<br>HOUSTON, TX  77032 | BILL DICROCE<br>PRESIDENT AND CEO<br>EMAIL:<br>BILL.DICROCE@VEOLIA.COM | Trade Payable | | | | $193,149 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 45 | ATLAS COPCO RENTAL LLC 2306 S. BATTLEGROUND ROAD LA PORTE, TX 77571 | RAY LÖFGREN PRESIDENT PHONE: 800-736-8267 EMAIL: RAY.LOFGREN@BE.ATLASCOPCO.COM | Trade Payable | | | | $193,047 |
| 46 | HONEYWELL 101 COLUMBIA RD MORRISTOWN, NJ 07962 | ANNE T. MADDEN SVP AND GENERAL COUNSEL PHONE: 877-841-2840 FAX: 973-455-4807 EMAIL: ANNE.MADDEN@HONEYWELL.COM | Trade Payable | | | | $189,401 |
| 47 | TRC PO BOX 536282 PITTSBURGH, PA 15253-5904 | CHRISTOPHER P. VINCZE CHAIRMAN AND CEO PHONE: 518-371-0780 EMAIL: CVINCZE@TRCSOLUTIONS.COM | Trade Payable | | | | $166,950 |
| 48 | ECO-ENERGY FUELING SOLUTIONS 6100 TOWER CIRCLE #500 FRANKLIN, TN 37067 | JOSH BAILEY CEO PHONE: 615-778-2898 EMAIL: JOSHB@ECO-ENERGYINC.COM | Trade Payable | | | | $161,203 |
| 49 | PROCONEX 103 ENTERPRISE DR ROYERSFORD, PA 19468 | DAWN SEIFRIED VICE PRESIDENT & CHIEF FINANCIAL OFFICER EMAIL: DAWN.SEIFRIED@PROCONEXDIRECT.COM | Trade Payable | | | | $158,323 |
| 50 | MISTRAS SERVICES 195 CLARKSVILLE ROAD PRINCETON JUNCTION, NJ 08550 | DENNIS BERTOLOTTI PRESIDENT & CEO PHONE: 609-716-4000 FAX: 609-716-4179 EMAIL: DENNIS.BERTOLOTTI@MISTRASGROUP.COM | Trade Payable | | | | $158,235 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|                          |     |                          |
| ------------------------ | --- | ------------------------ |
|                          | )   |                          |
| In re:                   | )   | Chapter 11               |
|                          | )   |                          |
| PES HOLDINGS, LLC,       | )   | Case No. 19-_____(___) |
|                          | )   |                          |
|              Debtor.     | )   |                          |
|                          | )   |                          |

**CERTIFICATION OF CREDITOR MATRIX**

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[2] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[2]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **PES Administrative Services, LLC** |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____List of Equity Security Holders, Corporate Ownership Statement, and Creditor Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **07/21/2019** | ☒ **/s/ Jeffrey S. Stein** |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Jeffrey S. Stein** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

**Official Form 202**        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**PES ENERGY INC.**
**<u>SECRETARY'S CERTIFICATE</u>**


July 21, 2019

The undersigned, John B. McShane, as Secretary of PES Energy Inc. (the "<u>Company</u>"), hereby certifies as follows:

1.    I am the duly qualified and elected Secretary of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2.    Attached hereto is a true, complete, and correct copy of the resolutions of the board of directors of the Company (collectively, the "<u>Board</u>"), duly adopted at a properly convened and joint meeting of the Board of July 21, 2019, in accordance with the bylaws of the Company.

3.    Since their adoption and execution, the Resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the Resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.


[Signature page follows]

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Company as of the date hereof.

PES Energy Inc.

By: _____
Name: John B. McShane
Title:   Secretary

**RESOLUTIONS**
**OF THE BOARD OF DIRECTORS**
**OF**
**PES ENERGY INC.**

**CHAPTER 11 FILING AUTHORIZATION, APPOINTMENT OF A**
**CHIEF RESTRUCTURING OFFICER, AUTHORIZATION OF RETENTION OF**
**PROFESSIONALS, AND APPROVAL OF DEBTOR-IN POSSESSION FINANCING**

**July 21, 2019**

**WHEREAS,** the members of the board of directors (the "Board") of PES Energy Inc. ("PES Energy") a Delaware corporation, acting on behalf of:

1) the Corporation, in its own capacity and in its capacity as managing member of PES Ultimate Holdings, LLC, a Delaware limited liability company ("Ultimate Holdings");

2) Ultimate Holdings, in its own capacity and in its capacity as the managing member of (a) PES Intermediate, LLC, a Delaware limited liability company ("PES Intermediate"), and (b) PES Holdings, LLC, a Delaware limited liability company ("PES Holdings");

3) PES Holdings, in its own capacity and in its capacity as the managing member of (a) Philadelphia Energy Solutions Refining and Marketing LLC, a Delaware limited liability company ("PESRM"), and (b) North Yard GP, LLC, a Delaware limited liability company ("North Yard GP");

4) PESRM, in its own capacity and in its capacity as the managing member of PES Administrative Services, LLC, a Delaware limited liability company ("PES Admin");

5) North Yard GP, in its own capacity and in its capacity as the general partner of North Yard Logistics, L.P., a Delaware limited partnership ("North Yard" and together with Ultimate Holdings, PES Intermediate, PES Holdings, PESRM, PES Admin and North Yard GP, each a "Subsidiary" and collectively, the "Subsidiaries" and together with PES Energy, collectively, the "Companies"); and

6) PES Intermediate, North Yard and PES Admin, each in its own capacity,

do hereby consent in writing, pursuant to Section 141(f) of the Delaware General Corporation Law and (as applicable) the bylaws, limited liability company agreement, limited partnership agreement, or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document"), to the taking of the following actions and the adoption of the following recitals and resolutions, and to the waiver of all notices and the holding of a meeting for the purpose of considering the same:

CHAPTER 11 FILING

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to it and the effect of the foregoing on the Companies' business.

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) that PES Holdings and certain of its subsidiaries and affiliates identified on Annex A attached hereto (collectively, the "Filing Companies"), shall be, and hereby are, authorized to file or cause to be filed, voluntary petitions for relief for the Filing Companies (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that the Chief Executive Officer, the President, the General Counsel, the Chief Operating Officer, the Chief Financial Officer, any Senior Vice President, any Vice President, any Assistant Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories" or "Authorized Officers"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief including without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

**WHEREAS**, on July 3, 2019, the Board established the Restructuring Committee (the "Restructuring Committee") to review strategic restructuring alternatives of the Companies, propose such alternatives to the Board for consideration and approval, and, as approved and directed by the Board, and implement those strategic restructuring initiatives;

**WHEREAS**, the Companies has evaluated potential restructuring transactions;

**WHEREAS**, the Restructuring Committee discussed the foregoing with the Companies' Authorized Officers and representatives and the Companies' legal, financial, and restructuring advisors and has recommended to the Board that it is in the best interest of the Companies that the Companies retain a Chief Restructuring Officer to address the potential restructuring of the Filing Companies;

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby appoints Jeffrey S. Stein (the "Executive") as the Chief Restructuring Officer of the Filing Companies for the purpose

of performing the duties and responsibilities of the Chief Restructuring Officer and such other duties and responsibilities as may be determined by the Board to be reasonably related thereto;

**FURTHER RESOLVED**, that the Chief Restructuring Officer shall have such authority with respect to the Companies as is described in the Consulting Agreement, substantially in the form annexed hereto as <u>Annex 1</u>, by and among PES Holdings and the Executive (the "<u>Consulting Agreement</u>"), including to:

a. identify and explore the Companies' refinancing/restructuring options that are intended to be deleveraging and value accretive to the Companies;

b. assess options to optimize the Companies' capital structure;

c. manage and implement the restructuring plan(s) of the Companies;

d. explore and recommend asset acquisition(s), disposition(s), merger(s) or other strategic transaction(s);

e. communicate and/or negotiate with outside constituents, including, but not limited to, lenders to the Companies;

f. develop and implement cash management strategies and processes designed to enhance liquidity;

g. review and analyze the revised business plan(s), including financial and operating budgets, provided by the Companies' management;

h. review and recommend changes that would enhance the efficiency and cost effectiveness of the Companies' corporate organization;

i. review the Companies' business reporting systems and recommend changes to improve effectiveness; and

j. provide such other similar services as may be requested by the Board,

**FURTHER RESOLVED**, that entry into the Consulting Agreement is hereby approved, and that the Authorized Signatories (and their designees and delegates), acting alone or with one or more other Authorized Signatories, shall, and hereby are, authorized to enter into and execute, on behalf of PES Holdings, the Consulting Agreement.

<u>RETENTION OF PROFESSIONALS</u>

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it and the effect of the foregoing on each Company's business.

**RESOLVED,** that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Pachulski, Stang, Ziehl & Jones LLP ("PSZJ") as local bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PSZJ.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of PJT Partners LP ("PJT") as financial advisor to, among other things, assist the Companies in evaluating their business and prospects, developing long-term business plans, developing financial data for evaluation by the Board, creditors, or other third parties, as requested by the Companies, evaluating the Companies' capital structure, responding to issues related to the Companies' financial liquidity, and in any sale, reorganization, business combination, or similar disposition of the Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M"), as restructuring advisor to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of A&M.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Omni Management Group, Inc. ("Omni") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and

directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Filing Company's Chapter 11 Cases, with a view to the successful prosecution of such case.

## DEBTOR-IN-POSSESSION FINANCING, CASH COLLATERAL, AND ADEQUATE PROTECTION

**WHEREAS,** reference is made to that one or more certain debtor-in-possession credit agreement (each, together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplement or otherwise modified from time to time, a "DIP Credit Agreement") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession financing to be provided to the Filing Companies by the lenders listed therein (the "DIP Lenders")

**WHEREAS,** based on such review, each Board believes the Filing Companies will obtain benefits from the transactions contemplated by the DIP Credit Agreements; and

**WHEREAS,** it is in the best interest of each Filing Company to enter into each agreement, document, instrument, certificate, recording and filing relating thereto.

**NOW, THEREFORE, BE IT,**

**RESOLVED,** that the terms and provisions of the DIP Credit Agreements and such other instruments, certificates, agreements and documents as may be reasonably requested by any administrative agent thereunder or contemplated by the DIP Credit Agreements (collectively, the "DIP Loan Documents"), substantially in the form presented to the Board, delivered pursuant to the DIP Credit Agreements and each Filing Company's performance of its obligations, including any guarantees contemplated thereunder, and the grant of security under the DIP Loan Documents, and to enter into each agreement, document, instrument, certificate, recording and filing relating thereto, be, and hereby are, in all respects, ratified, approved, confirmed and authorized.

**RESOLVED**, that each of the Authorized Signatories, acting alone or with one or more other Authorized Signatories be, and hereby is, authorized and empowered to negotiate (including to negotiate any terms of the DIP Credit Agreements which deviate from the terms set forth in the form presented to the Board), make, execute, acknowledge, verify, issue, deliver, and to cause each Filing Company to perform its obligations under, each of the DIP Loan Documents, and each of the instruments, agreements and documents contemplated thereby, in the name and on behalf of each Filing Company, under its corporate seal or otherwise, substantially as specified in the DIP Credit Agreements, with such execution by said Authorized Signatory to constitute conclusive evidence of his/her approval of the terms thereof, including any departures therein from the terms as specified in the DIP Credit Agreements.

**RESOLVED**, that each Board hereby authorizes the collateral agent under any DIP Credit Agreement (each, a "Collateral Agent") to file or record any financing statements, assignments for security or other instruments, documents and agreements with respect to the Collateral (contemplated by the DIP Credit Agreements) in the name of each Filing Company as may be necessary or desirable to perfect the security interests granted to the Collateral Agents under the DIP Loan Documents. The Collateral Agents are authorized to use the collateral description "all assets of the Filing Company whether now owned or hereafter acquired" or any similar description in any such financing statements.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to make all payments and remittances and to incur all fees and expenses on behalf of each Filing Company in connection with any transaction contemplated by these resolutions, such payment to conclusively evidence the necessity or appropriateness thereof, to arrange for and enter into supplemental agreements, amendments, instruments, certificates, agreements or documents relating to the transactions contemplated by the  DIP Credit Agreements or any of the other DIP Loan Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of each Filing Company, under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Filing Company's obligations under or in connection with the DIP Credit Agreements or any of the other DIP Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

**RESOLVED**, that the Authorized Signatories be and hereby are authorized and empowered to take all actions or to not take any action in the name of each Filing Company with respect to the transactions contemplated by these resolutions as the sole shareholder, partner, member, or managing member of each direct subsidiary of any such Filing Company, in each case, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment, including without limitation the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to any DIP Loan Document (including affidavits, financing statements, notices, reaffirmations and amendments and restatements of existing documents) as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**RESOLVED,** that, without in any way limiting the authority heretofore granted to the officers of each Filing Company or that may have been otherwise conferred upon them, the officers of each Filing Company be, and each hereby is, authorized and  empowered, in the name and on behalf of each Filing Company, to execute and deliver any and all documents, agreements and instruments, to take any and all actions, and to do any and all things, they, and each of them severally, may deem necessary or desirable in order to carry out the intent and purposes of the foregoing resolutions.

**RESOLVED,** that any and all actions taken by any officer or officers of each Filing Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed and adopted as the duly ratified and official act of each Filing Company.

GENERAL

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED,** that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

**RESOLVED,** that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

\*   \*   \*   \*

## <u>Annex A</u>
**Filing Companies**

PES Holdings, LLC
PES Energy Inc.
PES Ultimate Holdings, LLC
PES Intermediate, LLC
Philadelphia Energy Solutions Refining and Marketing LLC
North Yard Logistics, L.P.
North Yard GP, LLC
PES Administrative Services, LLC