IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) )  Chapter 11 ) |
| PES Administrative Services, LLC,[1] | ) ) Case No. 19-11629 (LSS) ) |
| Reorganized Debtor. | ) (Jointly Administered) ) (Formerly Jointly Administered under ) Lead Case: PES Holdings, LLC, Case ) No. 19-11626) |

**TENTH JOINT MOTION OF THE PES LIQUIDATING TRUST AND
GUC CLAIMS ADMINISTRATOR FOR ENTRY OF AN ORDER EXTENDING
THE DEADLINE TO FILE AND SERVE OBJECTIONS TO CLAIMS OR INTERESTS**

The PES Liquidating Trust (the "Liquidating Trust")[2] and the GUC Claims Administrator (the "GUC Administrator," and with the Liquidating Trust, the "Movants")[3] file this motion (this "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the deadline by which the Movants must file and serve objections to Claims or Interests by 120 days, through and including April 10, 2024. In support thereof, the Movants respectfully submit as follows.[4]

---

[1]  The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: PES Holdings, LLC; North Yard GP, LLC; North Yard Logistics, L.P.; PES Administrative Services, LLC (3022); PES Energy Inc.; PES Intermediate, LLC; PES Ultimate Holdings, LLC; and Philadelphia Energy Solutions Refining and Marketing LLC. On March 28, 2022, the Court entered an order [Docket No. 1900] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 19-11629 (LSS), *PES Administrative Services, LLC.*

[2]  The Liquidating Trust is a trust created pursuant to the Debtors' Plan, as defined herein. The Liquidating Trust is responsible for and has the authority to administer certain post-confirmation responsibilities under the Plan on behalf of the Reorganized Debtors.

[3]  The GUC Administrator was established and selected pursuant to the Debtors' Plan, as defined herein. The GUC Administrator is responsible for and has the authority to, *inter alia*, file, prosecute, and settle objections to general unsecured claims, as well as make distributions on allowed general unsecured claims.

[4]  Capitalized terms used but not otherwise defined herein shall have the same meanings given to such terms in the *Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and Its Debtor Affiliates* [D.I. 994] (the "Plan").

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. The Movants confirm their consent pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

4. By this Motion, the Movants request entry of an order extending the deadline by which the Movants must file and serve objections to Claims or Interests (the "Claims Objection Bar Date") by 120 days, through and including April 10, 2024, without prejudice to the right of the Movants to request further extensions of time to file and serve objections to Claims and Interests.

**Background**

5. On the Petition Date, each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. These chapter 11 cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in these chapter 11 cases. On August 5, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee")

[D.I. 152]. On March 28, 2022, the Court entered an order [D.I. 1900] closing the chapter 11 cases of the Reorganized Debtors other than the case of PES Administrative Services, LLC (Case No. 19-11629).

**I.      Claims Administration Process.**

6.      On September 6, 2019, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and together, with the Schedules, the "Schedules and Statements") [D.I.s 308-323]. On October 14, 2019, the Debtors filed amended Schedules and Statements [D.I.s 473-474], addressing certain discrete issues.

7.      On August 20, 2019, the Court established October 21, 2019, at 5:00 p.m. (prevailing Eastern Time), as the final date and time for all persons and entities holding or asserting a prepetition, non-governmental claim or interest against the Debtors arising on or before the Petition Date to file proofs of claim in these chapter 11 cases (the "General Claims Bar Date"). [5]

8.      The Liquidating Trust has already objected to, settled, made initial distributions on account of, or otherwise resolved approximately 268 Proofs of Claim, leaving approximately 37 disputed or unresolved Proofs of Claim pending resolution by the Liquidating Trust[6] (the "Remaining Claims").

9.      The GUC Administrator has already objected to, settled, or otherwise resolved approximately 175 Proofs of Claim, leaving multiple Remaining Claims, including several rejection damage and related post-confirmation claims that have been analyzed and are pending

---

[5]   *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date (IV) Approving the Form and Manner for Filing Proofs of Claim, (V) Approving Notice of Bar Dates, and (VI) Granting Related Relief* [D.I. 218].

[6]   Pursuant to the Plan, the GUC Administrator is responsible for the resolution of General Unsecured Claims, which are not included in this calculation.

resolution. The Liquidating Trust and the GUC Administrator have been working cooperatively on these collective efforts.

## II. Confirmation and Effective Dates.

10. On February 13, 2020, the Court entered an order confirming the Plan.[7] The Effective Date occurred on June 26, 2020.[8]

11. Pursuant to Article I.A.23 of the Plan, the Movants and other parties in interest had until December 23, 2020 to object to Claims against or Interests in the Debtors. However, the Plan contemplates that the Claims Objection Bar Date may be extended upon a motion filed before the expiration of the deadline to object to Claims or Interests. *See* Plan, Art. I.A.23. Accordingly, on January 4, 2021, the Court entered the *Order Granting the Motion of the PES Liquidating Trust for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 1628] and on January 26, 2021 entered the *Order Granting the Motion of the GUC Claims Administrator for Order Under Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006 Further Extending Time to Object to Claims* [D.I. 1651], extending the original Claims Objection Bar Date through and including April 22, 2021 for both Movants. On April 28, 2021, the Court entered the *Order Granting the Joint Second Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 1681], extending the Claims Objection Bar Date through and including August 20, 2021. On August 17, 2021, the Court entered the *Order Granting the Joint Third Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order*

---

[7] *See Order Confirming the Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and Its Debtor Affiliates* [D.I. 1004].

[8] *See Notice of (I) Entry of Order Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of PES Holdings, LLC and Its Debtors Affiliates and (II) Occurrence of the Effective Date* [D.I. 1376].

*Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 1731], extending the Claims Objection Bar Date through and including December 20, 2021. On January 6, 2022, the Court entered the *Order Granting the Joint Fourth Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 1857], extending the Claims Objection Bar Date through and including April 19, 2022. On May 10, 2022, the Court entered the *Order Granting the Joint Fifth Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 29, Case No. 19-11629], extending the Claims Objection Bar Date through and including August 17, 2022. On August 19, 2022, the Court entered the *Order Granting the Joint Sixth Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 43, Case No. 19-11629], extending the Claims Objection Bar Date through and including December 15, 2022. On January 1, 2023, the Court entered the *Order Granting the Joint Seventh Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 72, Case No. 19-11629], extending the Claims Objection Bar Date through and including April 14, 2023. On May 3, 2023, the Court entered the *Order Granting the Joint Eighth Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to Claims or Interests* [D.I. 91, Case No. 19-11629], extending the Claims Objection Bar Date through and including August 14, 2023. On August 28, 2023, the Court entered the *Order Granting the Joint Ninth Motion of the PES Liquidating Trust and the GUC Claims Administrator for Entry of an Order Extending the Deadline to File and Serve Objections to*

*Claims or Interests* [D.I. 113, Case No. 19-11629], extending the Claims Objection Bar Date through and including December 12, 2023 (the "Ninth Extended Claims Objection Bar Date")

12. By this Motion, the Movants jointly request entry of an order extending the Claims Objection Bar Date to April 10, 2024 as to the Movants and all other parties in interest.

**Basis for Relief**

13. Bankruptcy Rule 9006(b)(1) permits bankruptcy courts to extend deadlines for "cause shown," providing, in relevant part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that the Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

14. To date, the Movants and their professionals, in consultation with each other, have analyzed and resolved the vast majority of Claims against the Debtors.[9] While the Movants are nearing final resolution with respect to the additional number of Claims remaining in these chapter 11 cases, the Movants will not complete this process before the Ninth Extended Claims Objection Bar Date.

15. Accordingly, the Movants request an extension of the Claims Objection Bar Date by 120 days, through and including April 10, 2024, to provide sufficient time in which to complete

---

[9] *See, e.g., Order Sustaining Liquidating Trust's First Omnibus (Non-Substantive) Objection to Certain (I) Late Filed Claims and (II) No Liability Claims* [D.I. No. 1464]; *Order Sustaining the Liquidating Trust's Second Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [D.I. 1523].

the review, analysis, and resolution of the Remaining Claims. Although the Movants are optimistic that they will be able to consensually resolve many, if not all, of the Remaining Claims, this additional time is necessary to ensure that the Movants are able to preserve value for creditors by preparing and filing additional objections, if appropriate. The Movants hope that the requested extension will facilitate consensual resolution of complex claims by means of discussion and negotiation, while a shorter deadline would likely require the filing of objections, with the attendant cost in time and legal expenses.

16. For these reasons, the Movants respectfully submit that an extension of the Ninth Extended Claims Objection Bar Date by 120 days, through and including April 10, 2024, is authorized under the terms of the Plan and should be granted.

### Notice

17. The Movants will provide notice of this Objection to: (a) the U.S. Trustee; (b) the Committee; (c) the administrative agent under the Debtors' prepetition first lien term loan facility and counsel thereto; (d) the lenders under the Debtors' prepetition first lien term loan facility and counsel thereto; (e) Merrill Lynch Commodities, Inc. and counsel thereto; (f) NGL Energy Partners LP and counsel thereto; (g) the lenders under the Debtors' prepetition promissory note and counsel thereto; (h) counsel to ICBC Standard Bank Plc; (i) the lenders under the Debtors' debtor-in-possession financing facility and counsel thereto; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of this page intentionally left blank.*]

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Dated: December 12, 2023<br>Wilmington, Delaware | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>James E. O'Neill (DE Bar No. 4042)<br>Peter J. Keane (DE Bar No. 5503)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:   (302) 652-4100<br>Facsimile:    (302) 652-4400<br><br>Email:    ljones@pszjlaw.com<br>              pkeane@pszjlaw.com<br>              joneill@pszjlaw.com<br><br>- and -<br><br>Edward O. Sassower, P.C.<br>Steven N. Serajeddini, P.C. (admitted *pro hac vice*)<br>Matthew C. Fagen (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    edward.sassower@kirkland.com<br>              steven.serajeddini@kirkland.com<br>              matthew.fagen@kirkland.com<br><br>*Co-Counsel to the PES Liquidating Trust*<br><br>- and -<br><br>Ciro Poppiti III (DE Bar No. 4905)<br>**Lewis Brisbois Bisgaard & Smith LLP**<br>500 Delaware Avenue, Suite 700<br>Wilmington, Delaware 19801<br>Telephone:       (302) 985-6006<br>Email:              Ciro.Poppiti@lewisbrisbois.com<br><br>*Counsel to the GUC Claims Administrator* |