# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES Administrative Services, LLC,[1] | ) Case No. 19-11629 (LSS) |
| | ) |
| Reorganized Debtor. | ) (Jointly Administered) |
| | ) (Formerly Jointly Administered under |
| | ) Lead Case: PES Holdings, LLC, Case |
| | ) No. 19-11626) |

**Hearing Date: Dec. 3, 2024, at 3:30 p.m. (ET)**
**Objection Deadline: Nov. 18, 2024, at 4:00 p.m. (ET)**

## LIQUIDATING TRUST'S
## EIGHTEENTH MOTION FOR ENTRY OF AN ORDER
## (I) ENLARGING THE PERIOD WITHIN WHICH THE REORGANIZED
## DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

The Liquidating Trust,[2] on behalf of the Reorganized Debtors, respectfully states the following in support of this motion (this "Motion").[3]

### Relief Requested

1. The Liquidating Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) further enlarging the period of time (the "Removal Period")

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: PES Holdings, LLC; North Yard GP, LLC; North Yard Logistics, L.P.; PES Administrative Services, LLC (3022); PES Energy Inc.; PES Intermediate, LLC; PES Ultimate Holdings, LLC; and Philadelphia Energy Solutions Refining and Marketing LLC. On March 28, 2022, the Court entered an order [Docket No. 1900] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 19-11629 (LSS), *PES Administrative Services, LLC*.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the *Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and Its Debtor Affiliates* [Docket No. 1004-1] (the "Plan").

[3] A detailed description of the Debtors and their business and the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of Jeffrey S. Stein, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 32] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on July 21, 2019 (the "Petition Date").

set forth in rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Reorganized Debtors may seek removal of certain actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by an additional 91 days, up to and including February 3, 2025,[4] without prejudice to the Reorganized Debtors' or the Liquidating Trust's right to seek additional extensions of the period within which the Reorganized Debtors may remove actions; and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Reorganized Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 1452 of title 28 of the United States Code, Bankruptcy Rules 9006 and 9027, and Local Rule 9006-2.

---

[4] Pursuant to Bankruptcy Rule 9006(a)(1)(C), if the last day of a period established by a court order falls on a Saturday, Sunday, or legal holiday, then the period automatically extends to the next day that is not a Saturday, Sunday, or legal holiday. Because a 90 day extension would set the expiry of the Removal Period on a Sunday, the Liquidating Trust respectfully requests 91 days to provide clarity to all parties in interest.

**Background**

5. On the Petition Date, each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code. These chapter 11 cases are procedurally consolidated and jointly administered pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in these chapter 11 cases. On August 5, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 152]. On March 28, 2022, the Court entered an order [Docket No. 1900] closing the chapter 11 cases of the Reorganized Debtors other than the case of PES Administrative Services, LLC (Case No. 19-11629).

6. On October 16, 2019, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 490]. On November 4, 2019, the Court entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 542] extending the Removal Period to February 16, 2020. On January 28, 2020, the Debtors filed the *Debtors' Second Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 817]. On February 6, 2020, the Court entered the *Second Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 922] extending the Removal Period to May 16, 2020.

7. On February 13, 2020, the Court entered the *Order Confirming the Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and Its Debtor Affiliates* [Docket No. 1004].

8. On May 12, 2020, the Debtors filed the *Debtors' Third Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1252]. On May 23, 2020 the Court entered the *Third Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1278] extending the Removal Period to August 14, 2020.

9. On June 26, 2020, the Effective Date of the Plan occurred and the Debtors emerged from their chapter 11 cases [Docket No. 1376]. Following the Effective Date, pursuant to the Plan and the Liquidating Trust Agreement, the Liquidating Trust holds all power necessary to administer the Liquidating Trust for the benefit of the Liquidating Trust beneficiaries.

10. Since the Effective Date of the Plan, the Liquidating Trust has filed seventeen motions to further extension the removal period [Docket Nos. 1461; 1588; 1658; 1687; 1724; 1750; 1878; Docket No. 22, Case No. 19-11629; Docket No. 39, Case No. 19-11629; Docket No. 53, Case No. 19 11629; Docket No. 77, Case No. 19-11629; Docket No. 93, Case No. 19-11629; Docket No. 105, Case No. 19-11629; Docket No. 134, Case No. 19-11629; Docket No. 153, Case No. 19-11629; Docket No. 163, Case No. 19-11629]. The Court has granted each of those motions [Docket Nos. 1485; 1594; 1664; 1693; 1732; 1779; 1891; Docket No. 29, Case No. 19-11629; Docket No. 44, Case No. 19-11629; Docket No. 61, Case No. 19-11629; Docket No. 99, Case No. 19-11629; Docket No. 112, Case No. 19-11629; Docket No. 122, Case No. 19-11629; Docket No. 136, Case No. 19-11629; Docket No. 157, Case No. 19-11629; Docket No. 173, Case No. 19-11629].

11. The current Removal Deadline is November 4, 2024. [Docket No. 173, Case No. 19-11629] (the "Twentieth Removal Order").

**The Actions**

12. The Reorganized Debtors are currently involved in a number of civil actions commenced prepetition in various fora. The Reorganized Debtors continue to review their books and records and are in the process of determining whether to remove any Actions to a district court pursuant to 28 U.S.C. § 1452. Since the Petition Date, the Debtors and Reorganized Debtors have worked diligently on a number of critical matters and have not yet decided which, if any, of the Actions they will seek to remove. Specifically, the Debtors and Reorganized Debtors and their professionals have been focused on, among other things:

- stabilizing the Debtors' business operations to maximize the value of the Debtors' estates;

- obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest;

- conducting an extensive marketing process for the sale of the Debtors' business, and successfully negotiating and closing such sale;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs;

- engaging with the Committee and the Debtors' key stakeholder groups to reach consensus around the Debtors' plan of reorganization; and

- preparing for and attending fifteen hearings, including the first day and second day hearings, several Omnibus hearings, the DIP hearing, the Disclosure Statement hearing, and the Confirmation hearing.

Specifically, since entry of the Twentieth Removal Order, the Debtors and Reorganized Debtors have focused on continuing the ongoing claims reconciliation and settlement process.

13. On June 26, 2020, the Debtors emerged from their chapter 11 cases, and are no longer debtors in possession.

14. As a result of the Reorganized Debtors' focus on other matters associated with their restructuring, the Reorganized Debtors have not yet been in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions. Moreover, much of the Debtors' and Reorganized Debtors' attention since the entry of the Nineteenth Removal Order has been focused on reaching settlements with various creditors regarding prepetition and postpetition claims. Following the Effective Date, the Reorganized Debtors and their advisors continue to analyze Actions to determine whether to seek removal to this Court. Absent the relief requested in this Motion, the Reorganized Debtors could be forced to make premature decisions that could ultimately prove detrimental to their estates.

15. It is also possible that the Reorganized Debtors may become aware of Actions following further review of proofs of claim filed in these chapter 11 cases, at which point the Reorganized Debtors will need to analyze such potential Actions to determine whether to remove any such Actions. Consequently, the Reorganized Debtors are seeking an extension of the Removal Period to provide them with time to decide whether to remove any such Actions.

### Basis for Relief

16. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

17. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

18. The Reorganized Debtors are seeking to extend the Bankruptcy Rule 9027(a)(2)(A) deadline with respect to civil actions pending as of the Petition Date ninety-one (91) days, from the current November 4, 2024 deadline (the "Current Deadline") through and including February

3, 2025 (the "Prepetition Removal Deadline"),[5] to ensure the Reorganized Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline. The Reorganized Debtors believe they have additional time to remove the Actions under Bankruptcy Rule 9027(a)(2)(C) and, to the extent such Actions are subject to the automatic stay, Bankruptcy Rule 9027(a)(2)(B), but nevertheless seek entry of this Motion out of an abundance of caution. Furthermore, the Reorganized Debtors request the entry of an order extending the time by which to file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) February 3, 2025, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (the "Postpetition Removal Deadline").

19. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (holding that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (holding that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant

---

[5] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline shall serve to automatically extend the current deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

20. The Reorganized Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the reorganization process, the chapter 11 plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action. To make the appropriate determination, the Reorganized Debtors must analyze each Action (if any) in light of such factors.

21. To date, the Reorganized Debtors' review of their books and records to determine whether any additional Actions exist remains ongoing. Since the commencement of these chapter 11 cases, the Reorganized Debtors have been focused on addressing time critical matters including, among other things, stabilizing their business operations, preparing the schedules of assets and liabilities and statements of financial affairs, defending the terms of their postpetition financing and use of cash collateral, preparing and securing approval of their Disclosure Statement, and preparing and executing their Bidding Procedures, confirming their chapter 11 plan of reorganization, working toward closing the Debtors' sale to Hilco Redevelopment Partners, entering into an amendment to the purchase agreement for such sale and obtaining Court approval thereof, emerging from their chapter 11 cases, and engaging in claims reconciliation and settlement. The Reorganized Debtors believe that the extension requested herein will provide the

Reorganized Debtors with the ability to make fully-informed decisions concerning the removal of any Actions and will ensure that the Reorganized Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. Alternately, if such an extension is not granted, the Reorganized Debtors may not become aware of Actions until after the Removal Period expires.

22. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Reorganized Debtors' requested extension of the Removal Period. If the Reorganized Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Accordingly, the Reorganized Debtors submit that cause exists for the relief requested herein.

23. Further, the rights of any party to the Actions will not be unduly prejudiced by the Reorganized Debtors' requested extension. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Reorganized Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein.

24. Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g.*, *In re Forever 21, Inc.*, No. 19-12122 (MFW) (Bankr. D. Del. Apr. 30, 2021) (granting a further 120-day extension, without prejudice to the debtors' right to seek further extensions); *In re RTI Holding Co., LLC*, No. 20-12456 (JTD) (Bankr. D. Del. Apr. 15, 2021) (granting a further 200-day extension, without prejudice to the debtors' ability to request further extensions); *In re Renovate America, Inc.*, No. 20-13172 (LSS) (Bankr. D. Del. Apr. 9, 2021) (granting a 120-day extension, without prejudice to the debtors' right to seek further extensions); *In re The Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. Dec. 23, 2020) (granting a further 180-day extension, without prejudice to the debtors' right to seek further extensions); *In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Dec. 9, 2020) (granting a

120-day extension, without prejudice to the debtors' right to seek further extensions); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. Dec. 2, 2020) (granting a further 90-day extension, without prejudice to the debtors' right to request a further extension); *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. Oct. 8, 2020) (granting a 120-day extension, without prejudice to the debtors' right to seek further extensions).  The 91-day extension requested herein is consistent with the extensions granted by this and other courts in this District under similar circumstances.  Accordingly, the Reorganized Debtors' requested extension is reasonable.

### Notice

25.     The Liquidating Trust, on behalf of the Reorganized Debtors, will provide notice of this Motion to: (a) the U.S. Trustee; (b) the Committee; (c) the administrative agent under the Debtors' prepetition first lien term loan facility and counsel thereto; (d) the lenders under the Debtors' prepetition first lien term loan facility and counsel thereto; (e) Merrill Lynch Commodities, Inc. and counsel thereto; (f) NGL Energy Partners LP and counsel thereto; (g) the lenders under the Debtors' prepetition promissory note and counsel thereto; (h) counsel to ICBC Standard Bank Plc; (i) the lenders under the Debtors' debtor-in-possession financing facility and counsel thereto; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trust submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

26.     This is the twenty-first request for an extension of the Removal Period.

[*Remainder of this page intentionally left blank.*]

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: November 4, 2024<br>Wilmington, Delaware | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>James E. O'Neill (DE Bar No. 4042)<br>Peter J. Keane (DE Bar No. 5503)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:  (302) 652-4100<br>Facsimile:   (302) 652-4400<br>Email:         ljones@pszjlaw.com<br>                    pkeane@pszjlaw.com<br>                    joneill@pszjlaw.com<br><br>- and -<br><br>Edward O. Sassower, P.C.<br>Steven N. Serajeddini, P.C. (admitted *pro hac vice*)<br>Matthew C. Fagen (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         edward.sassower@kirkland.com<br>                    steven.serajeddini@kirkland.com<br>                    matthew.fagen@kirkland.com<br><br>*Co-Counsel to the Liquidating Trust* |