**<u>Exhibit B</u>**

**Herriman Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF**
**JAY HERRIMAN IN SUPPORT OF THE**
**DEBTORS' THIRTY-THIRD OMNIBUS (SUBSTANTIVE)**
**OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE**
**SECTION 502(B), BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

I, Jay Herriman, hereby declare under penalty of perjury:

1.      I am a Managing Director at Alvarez and Marsal North America, LLC ("A&M"), financial advisors to the above-captioned debtors and debtors in possession (collectively, the "Debtors").  I submit this declaration (the "Declaration") in support of the relief requested in the *Debtors' Thirty-Third Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection").[2]

2.      In my current position with A&M as an advisor to the Debtors, I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records.  Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date. Except as otherwise stated herein, all facts set forth herein are based upon my personal

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms used in this Declaration but not defined herein have the meanings given to such terms in the Objection.

knowledge of the Debtors' operations and finances, information learned from my review of

relevant documents, or information received from other members of the Debtors' management,

the Debtors' advisors, including my team at A&M, or employees of the Debtors.  I have read

the Objection filed contemporaneously herewith and to the best of my knowledge, information,

and belief, the assertions made in the Objection are accurate.  If I were called upon to testify, I

could and would testify competently to the facts set forth herein.  I am authorized to submit this

Declaration on behalf of the Debtors.

    **I.**       **Cross-Debtor Duplicate Claims.**

3.       Considerable resources and time have been expended in reviewing and reconciling

the Proofs of Claim filed or pending against the Debtors in these cases.  The Debtors, with the

assistance of their advisors, identified the twenty-eight Cross-Debtor Duplicate Claims listed on

Schedule 1 to Exhibit A to the Objection, in the aggregate claimed amount of approximately

$2,935,146.00.  In evaluating the Cross-Debtor Duplicate Claims, the Debtors and their advisors,

under my direction, reviewed and relied upon the Debtors' Books and Records and the relevant

Proofs of Claim, as well as the supporting documentation provided by each claimant.  The Cross-

Debtor Duplicate Claims are duplicative of other Proofs of Claim filed by, or on behalf of, the

same claimant in respect of the same liabilities, but with certain differences, set forth on Schedule 1

annexed to Exhibit A.  Failure to disallow the Cross-Debtor Duplicate Claims will result in double

recoveries to the claimants on the same obligation or debt.  Moreover, disallowance of these claims

will enable the claims register to reflect more accurately the Proofs of Claim asserted against the

Debtors.  As such, I believe the disallowance and expungement of the Cross-Debtor Duplicate

Claims on the terms set forth in the Objection and Schedule 1 annexed to Exhibit A to the Objection is appropriate.

## II.    Substantive Duplicate Claims.

4.    Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases. The Debtors, with the assistance of their advisors, identified the forty-eight Substantive Duplicate Claims listed on Schedule 2 to Exhibit A to the Objection, in the aggregate claimed amount of approximately $4,375,133.00. In evaluating the Substantive Duplicate Claims, the Debtors and their advisors, under my direction, reviewed and relied upon the Debtors' Books and Records and the relevant Proofs of Claim, as well as the supporting documentation provided by each claimant. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Substantive Duplicate Claims are duplicative of other Proofs of Claim filed by, or on behalf of, the same claimant in respect of the same liabilities, but with certain differences. Failure to disallow the Substantive Duplicate Claims will result in double recoveries to the claimants on the same obligation or debt. Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors. As such, I believe the disallowance and expungement of the Substantive Duplicate Claims on the terms set forth in the Objection and Schedule 2 annexed to Exhibit A to the Objection is appropriate.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 4, 2025

/s/   *Jay Herriman*

Jay Herriman
Managing Director
Alvarez & Marsal North America, LLC