# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) ) ) ) ) | **Hearing Date: October 6, 2025, at 10 a.m. (ET)** **Objection Deadline: September 11, 2025, at 4 p.m. (ET)** |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JOYCE, LLC AS SPECIAL COUNSEL TO PURSUE AVOIDANCE ACTIONS

The above-captioned debtors and debtors in possession (collectively the "Debtors") in the above-captioned chapter 11 cases, by their undersigned counsel, hereby submit this application (the "Application"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order, substantially in the form attached as hereto (the "Order"), authorizing the Debtors to retain and employ Joyce, LLC ("Joyce, LLC" or the "Firm") as special conflicts counsel to pursue certain avoidance actions. In support of this Application, the Debtors submit

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

1

the Declaration of Michael J. Joyce, managing member of Joyce, LLC (the "Joyce Declaration"), attached as **Exhibit A**, and the Declaration of Matthew A. Doheny, attached as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated as of February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 and 2016-1.

## BACKGROUND

4. The Debtors were a leading provider of transportation services with a 100-year history. With its family of trucking brands—Yellow Logistics, Holland, Reddaway, New Penn, and YRC—the Debtors provided their customers with one of the most comprehensive less-than-truckload ("LTL") networks in North America.

5. The Debtors commenced these chapter 11 cases to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders. Through these chapter 11 cases, the Debtors have commenced an orderly and value-maximizing wind-down

of their businesses. Among other things, the Debtors have used their time in chapter 11 to market and sell substantially all of their assets.

6. On August 6, 2023 and continuing on August 7, 2023 (together, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been procedurally consolidated and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are managing their businesses and their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

7. On August 16, 2023, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors consisting of nine members [Docket No. 269]. An amended notice of appointment was filed on May 20, 2024 [Docket No. 3430] and a second amended notice of appointment was filed on February 5, 2025 [Docket No. 5615]. The Committee currently consists of seven members.

## RELIEF REQUESTED

8. The Debtors seek entry of an order, substantially in the form attached hereto as, authorizing the retention and employment of Joyce, LLC effective *nunc pro tunc* to July 31, 2025 as special conflicts counsel to pursue certain avoidance actions under chapter 5 of title 11 of the United States Code (the "Avoidance Actions") and to analyze, prosecute and/or settle the Avoidance Actions in accordance with the terms and conditions set forth in this Application.

## QUALIFICATIONS

9. Debtors seek to retain Joyce, LLC as special purpose conflicts counsel because of Joyce LLC's extensive general experience and knowledge, and in particular, its recognized

expertise in the prosecution and defense of avoidance actions under chapter 5 of the Bankruptcy Code, its expertise, experience and knowledge practicing before the Court, its proximity to the Bankruptcy Court, and its ability to respond quickly to emergency hearings and other emergency matters in the Court. Further, Joyce, LLC's appearance before the Court in these chapter 11 cases will be efficient and cost effective for the estate. The Debtors believe that Joyce, LLC is both well-qualified and uniquely able to represent them in these cases in a most efficient and timely manner.

10. As described in more detail in the Joyce Declaration, Joyce, LLC has extensive experience directly relevant to its proposed employment in these chapter 11 cases.

## SCOPE OF SERVICES TO BE RENDERED AND COMPENSATED

(a) Recovery Work – Avoidance Actions

11. Joyce, LLC will serve as special conflicts counsel to the Debtors to analyze, prosecute and settle certain Avoidance Actions.

(b) Joyce, LLC's Fees and Expenses

9. Joyce, LLC has advised the Debtors that its current hourly rates are $650 per hour for partners and $150 per hour for paraprofessionals. The hourly rates are subject to periodic adjustment to ensure that they are competitive within Joyce, LLC's market for legal services. The Debtors submit that Joyce, LLC's customary hourly rates are reasonable.

10. Joyce, LLC has agreed to the following rates for the attorneys and paraprofessionals leading Joyce LLC's work in this case:

| Attorney | Hourly Rate |
|---|---|
| Partner | $650 |
| Paraprofessionals | $150 |

4

13. The hourly rates set forth above are Joyce, LLC's normal hourly rates for work of this type. These rates are set at a level designed to fairly compensate Joyce, LLC for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

14. In addition, it is Joyce, LLC's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, overnight delivery services, photocopying, court fees, travel expenses, postage, materials for large mailings, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. Joyce, LLC is not responsible for expert witness fees and expenses. Joyce, LLC will work cooperatively with other retained professionals in these chapter 11 cases to avoid duplicative and/or competing efforts and will defer to the client with respect to the decision(s) as to the hiring of experts. Retained experts (if necessary to prove insolvency and/or to rebut objective defense industry experts) are to be separately employed and paid for by the Debtors and are not considered part of the proposed engagement.

15. <u>Final Fee Application.</u> The Debtors request that the compensation arrangement outlined herein be approved, and that the Debtors be authorized to compensate Joyce, LLC as set forth herein on an interim basis as an ongoing administrative expense of the estates. Because of the relatively low dollar amount of expected fees and the expense born by the estate in connection with the filing of interim fee applications, the Debtors submit that Joyce, LLC should only be required to apply to the Court quarterly for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases by filing a short form statement that includes the amount of fees paid and a detailed itemization of expenses incurred and final fee application, in accordance with sections 330

5

and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.

## BASIS FOR RELIEF

16. Bankruptcy Code section 327(a) authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Bankruptcy Code section 101(14) defines "disinterested person" as a person that:

    a) is not a creditor, an equity security holder, or an insider;

    b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

    c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason

11 U.S.C. § 101(14).

17. Section 328(a) of the Bankruptcy Code empowers the Debtors to employ, subject to court approval, an attorney to perform services for the Debtors under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

18. Given the potential value to be realized from the Avoidance Actions, retention of Joyce, LLC pursuant to sections 327(a) and 328(a) under these terms is reasonable and appropriate under the circumstances. Joyce, LLC's retention will benefit the administration of the Debtors' estates and will maximize assets to the benefit of the Debtors' creditors.

## DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

19. Based upon the Joyce Declaration, and except as otherwise set forth in the Joyce Declaration, Joyce, LLC does not represent any other entity having a materially adverse

interest with the Debtors. To check and clear potential conflicts of interest in these chapter 11 cases, Joyce, LLC researched its client database to determine whether it had any relationships with the various entities, limited to potential conflicts in its engagement as special counsel to pursue Avoidance Actions (collectively, the "Searched Parties"). Based on the results of the Firm's search of its database, it appears that Joyce, LLC does not hold or represent any interest materially adverse to and has no connection, subject to the disclosures set forth in the Joyce Declaration, with the Debtors herein or the estates, their creditors, the U.S. Trustee or any party-in-interest herein, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

20.     In reliance on the Joyce Declaration, the Debtors believe that (a) Joyce, LLC has no materially adverse connection with the Debtors, their creditors, the U.S. Trustee, the Bankruptcy Court for the District of Delaware, any person employed in the Office of the U.S. Trustee, or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as may be set forth in the Joyce Declaration; (b) Joyce, LLC is not and has not been an investment banker for any outstanding securities of the Debtors; and (c) Joyce, LLC neither holds nor represents any interest materially adverse to the Debtors or to the estates, except as may be set forth in the Joyce Declaration. The Debtors' knowledge, information, and belief regarding Joyce, LLC's disinterestedness as set forth in this Application are based on, and made in reliance upon, the Joyce Declaration. Joyce, LLC will review its files periodically during the pendency of the chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Joyce, LLC will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by

Bankruptcy Rule 2014(a).

## NOTICE

21. The Debtors will provide notice of this Application to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NOPRIOR REQUEST

22. No previous request for the relief sought in this Application has been made to this or to any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein, and granting such other and further relief as is just and proper.

Dated: August 21, 2025                                    Respectfully submitted,

                                                                      Yellow Corporation, *et al.*,
                                                                       Debtors and Debtors-in-Possession

                                                                       */s/ Matthew A. Doheny*
                                                                       Matthew A. Doheny