**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> YELLOW CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11069 (CTG) <br><br> (Jointly Administered) <br><br> **Related Docket Nos. 6747, 6748, 7509** |

**JOINDER OF CRG FINANCIAL LLC,**
**INTERSTATE BUILDING MAINTENANCE CORP.**
**AND BOULEVARD TRUCK LEASE, INC. TO OBJECTION OF**
**MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC TO**
**(A) APPROVAL OF FOURTH AMENDED DISCLOSURE STATEMENT FOR THE**
**FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE**
**BANKRUPTCY CODE AND (B) SOLICITATION PROCEDURES MOTION**

CRG Financial LLC ("CRG"), Interstate Building Maintenance Corp. and Boulevard Truck Lease, Inc. (collectively, the "Joining Parties"), by and through their undersigned counsel, hereby joins (this "Joinder") the *Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* [D.I. 7509] ("MFN/Mobile Street's Objection"), and in support of this Joinder, respectfully state as follows:

**JOINDER**

1.  On July 29, 2025, the Debtors filed their *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates*

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

*Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 6747] (the "<u>Fourth Disclosure Statement</u>") and *Motion of the Debtors for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* [D.I. 6748] ("<u>Solicitation Procedures Motion</u>").  On August 26, 2025, MFN/Mobile Street filed their Objection to the Fourth Disclosure Statement and Solicitation Procedures Motion.

    2.    CRG holds 111 claims in the case against multiple debtors with an aggregate face value of approximately $1.5 million.

    3.    Interstate Building Maintenance Corp. holds one general unsecured claim against YRC, Inc. the amount of $159,968.52 and one general unsecured claim against New Penn Motor Express LLC in the amount of $10,425.42.

    4.    Boulevard Truck Lease, Inc. holds one general unsecured claim against YRC, Inc. in the amount of $918,605.34.

    5.    The Joining Parties concur with, and join in, the legal arguments advanced in MFN/Mobile's Objection, and support the relief requested therein.

    6.    The Joining Parties are particularly concerned with the Disclosure Statement's lack of disclosure regarding the post-effective date governance of the Liquidating Trust. While the Disclosure Statement discloses that the Trustee and four out of five of the members of the post-confirmation trust board will be chosen by the Committee, it does not sufficiently disclose which members of the committee have conflicts with the Trust and what safeguards will be in place to ensure that those conflicts do not result in the Trustee (chosen by the Committee) waiving or settling estate actions for the benefit of those very same Committee members, to the detriment of all other creditors. Further, it does not explain why out of thousands of unbiased creditors, the

creditors who have the largest conflicts with the Trust should be permitted to have the most influence over the Trust.[2] As stated in the MFN/Mobile's Objection, it is truly a fox guarding the hen house situation.

7. The Joining Parties reserve the right to amend or supplement this Joinder in all respects.

## CONCLUSION

For the reasons set forth in the Objection, the Joining Parties request that the Court (1) deny approval of the Disclosure Statement or (2) to the extent that the Court is inclined to approve the Disclosure Statement, require the Disclosure Statement to be modified to include the additional information set forth in the Objection.

Dated: August 26, 2025  
       Wilmington, Delaware

Respectfully submitted,

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ Mark L. Desgrosseilliers
Mark L. Desgrosseilliers (No. 4083)
Alison R. Maser (No. 7430)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Email: desgross@chipmanbrown.com
       maser@chipmanbrown.com

*Counsel for CRG Financial LLC, Interstate Building Maintenance Corp. and Boulevard Truck Lease, Inc.*

---

[2] Particularly when other creditors, like CRG, who have claims against multiple debtors and would be unbiased managers would be willing to serve as independent board members. It should also be noted that CRG has petitioned the United States Trustee on multiple occasions to be added to the Committee to replace the two trade creditors who resigned, in order for the Committee to better represent the interests of the unsecured creditor body as a whole, and has been denied without explanation.