**Exhibit B**

**Herriman Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, et al.,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502(B), BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1

I, Jay Herriman, hereby declare under penalty of perjury:

1. I am a Managing Director at Alvarez and Marsal North America, LLC ("A&M"), financial advisors to the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I submit this declaration (the "Declaration") in support of the relief requested in the *Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection").[2]

2. In my current position with A&M as an advisor to the Debtors, I am generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Statements, and Books and Records. Such documents reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors as of the Petition Date. Except as otherwise stated herein, all facts set forth herein are based upon my personal

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used in this Declaration but not defined herein have the meanings given to such terms in the Objection.

knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, or information received from other members of the Debtors' management, the Debtors' advisors, including my team at A&M, or employees of the Debtors. I have read the Objection filed contemporaneously herewith and to the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

I. **Late Filed Claims.**

3. Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases. The Debtors, with the assistance of their advisors, identified the twenty-five Late Filed Claims listed on Schedule 1 annexed to Exhibit A to the Objection, in the aggregate claimed amount of approximately $2,415,429.00. In evaluating the Late Filed Claims, the Debtors and their advisors, under my direction, reviewed and relied upon the Debtors' Books and Records and the relevant Proofs of Claim, as well as the supporting documentation provided by each claimant. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Late Filed Claims were not timely filed by the applicable Claims Bar Date. Disallowance of the Late Filed Claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors. As such, I believe the disallowance and expungement of the Late Filed Claims on the terms set forth in the Objection is appropriate.

II. **Amended Claims.**

4. Considerable resources and time have been expended in reviewing and reconciling the Proofs of Claim filed or pending against the Debtors in these cases. The Debtors have

2

identified sixteen Amended Claims listed on Schedule 2 annexed to Exhibit A to the Objection, in the aggregate claimed amount of approximately $5,495,061.00. To the best of my knowledge, information, and belief, and insofar as I have been able to ascertain after reasonable inquiry, the Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim, as reflected in the column labeled "Remaining Claims." The Amended Claims remain on the claims register only as a technicality and may be eliminated without affecting such claimants' underlying claims. Failure to disallow and expunge the Amended Claims could potentially result in these claimants receiving an unwarranted double recovery on both the Amended Claim and the Remaining Claim, to the detriment of other creditors and parties in interest. As such, I believe that disallowance and expungement of the Amended Claims on the terms set forth in the Objection and Schedule 2 annexed to Exhibit A is appropriate.

[*Remainder of Page Intentionally Left Blank*]

4.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 4, 2025               /s/ *Jay Herriman*
                                    Jay Herriman
                                    Managing Director
                                    Alvarez & Marsal North America, LLC